IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VERONICA LEVONNE JONES,        )
                               )
            Petitioner,        )
                               )     1:15CV72
     v.                        )     1:13CR451-1
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Veronica Levonne Jones ("Petitioner") has moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Petition (Doc. 20).)[1] The Government has responded in opposition to the Petition (Doc. 26), and Petitioner has filed a reply (Doc. 29). The matter is now before the court for a ruling. See Rule 8, Rules Governing § 2255 Proceedings. For the following reasons, this court finds that Petitioner's claims should be denied and the Petition will be dismissed.

## I. BACKGROUND

Petitioner was charged in a two-count Information with filing a false tax return (Count One) and aggravated identity theft (Count Two). (Information (Doc. 1).) Petitioner entered

---

[1] Unless otherwise noted, this and all further citations to the record are to the docket in the criminal case (1:13CR451-1).

a plea of guilty pursuant to a written plea agreement. (See Plea Agreement (Doc. 3); Minute Entry 12/02/2013.)

On May 13, 2014, this court sentenced Petitioner to thirty-nine months of imprisonment, followed by one year of supervised release (see Minute Entry 05/13/2014), and Judgment was entered June 5, 2014. (Judgment (Doc. 10).) Petitioner, through counsel, appealed to the Fourth Circuit, challenging the substantive reasonableness of her sentence. United States v. Jones, 588 Fed. App'x 254 (4th Cir. 2014). In accordance with Anders v. California, 386 U.S. 738 (1967), Petitioner's counsel "filed a brief . . . averring that there [were] no meritorious issues for appeal." Id. Further in accordance with Anders, the Fourth Circuit reviewed the entire record and found no meritorious issues for appeal. Id. at 255. The Fourth Circuit therefore affirmed this court's judgment. Id.

## II. LEGAL STANDARD

To the extent Petitioner's claims are based on ineffective assistance of counsel, the following tests apply. To prove ineffective assistance of counsel, a petitioner must establish, first, that her attorney's performance fell below a reasonable standard for defense attorneys and, second, that she was prejudiced by this performance. See Strickland v. Washington,

466 U.S. 668, 688, 691-92 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing counsel's deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Spencer, 18 F.3d at 233 (citing Strickland, 466 U.S. at 694).

Claims of ineffective assistance of counsel on appeal are judged using the Strickland test set out previously. See Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745 (1983); see also Smith v. Murray, 477 U.S. 527 (1986); Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989) (holding that

- 3 -

Case 1:13-cr-00451-WO   Document 33   Filed 12/15/15   Page 3 of 12

counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Winnowing out weaker arguments to press forward with more important points is part of effective appellate advocacy. Jones, 463 U.S. at 751-52. However, prejudice can be shown by demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Bell v. Jarvis, 236 F.3d 149, 180 (4th Cir. 2000) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)).

Additionally, to the extent Plaintiff's claims rely on a statute of limitations argument that contradicts previous sworn statements made at her Rule 11 colloquy, the following standard applies. "[C]ourts must be able to rely on [a] defendant's statements made under oath during a properly conducted Rule 11 colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, "a defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity." Id. (internal citations omitted)(insertions in original). Because of such a presumption, the declarations "present a formidable barrier in any subsequent collateral proceedings." Id. (internal citations

omitted).  As such, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false."  Id. (internal citations omitted).  District courts are thus instructed to, "without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."  Id. at 222.

**III. DISCUSSION**

Petitioner now moves to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Petition (Doc. 20).) In her Petition, Petitioner raises five claims for relief. First, Petitioner contends that the court lacked subject matter jurisdiction over the identity theft charge because it was barred by the statute of limitations.  (See id. at 3-4 (Ground One).)[2]  Second, Petitioner contends that trial and appellate counsel were ineffective for failing to challenge the validity of her guilty plea.  (See id. at 4-5 (Ground Two).)  Third,

---

[2] All citations in the Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

- 5 -

Petitioner contends that trial counsel was ineffective for failing to investigate the lack of a proper factual basis to support her guilty plea. (See id. at 5-6 (Ground Three).) Fourth, Petitioner contends that counsel was ineffective for failing to argue that Petitioner did not commit aggravated identity theft. (See id. at 6-7 (Ground Four).) Fifth, Petitioner contends that her conviction and sentence for identity theft are unconstitutional. (Pet'r's Mem. of Law in Supp. of § 2255 ("Pet'r's Mem.") (Doc. 21) at 7-8 (Ground Five).)

### A. Ground One – Lack of Subject Matter Jurisdiction

Petitioner first claims that this court lacked subject matter jurisdiction over her identity theft charge because it was barred by the statute of limitations. The Fourth Circuit has held that "[t]he statute of limitations . . . is an affirmative defense that may be waived." United States v. Williams, 684 F.2d 296, 299 (4th Cir. 1982) (holding that, in relation to a different offense, the statute of limitations is not jurisdictional). Because Petitioner explicitly waived the statute of limitations as part of her plea agreement and guilty plea, (see Plea Agreement (Doc. 3) at 3-4), and during the Rule

- 6 -

11 hearing, (see Tr. of Change of Plea Hr'g (Doc. 15) at 12), this claim fails.

   **B.   Ground Two – Ineffective Assistance of Counsel**

   Petitioner's second claim relies on her statute of limitations argument, supra. Petitioner claims that counsel was ineffective for failing to raise a statute of limitations challenge to the validity of her guilty plea. (Petition (Doc. 20) at 3.) However, as counsel explained in her affidavit, she made a reasonable strategic decision not to include it. Counsel had discussed with Petitioner the difference between an information and an indictment. (See Government's Resp. to Pet'r's Mot. to Vacate ("Government's Resp."), Attach. A, Affidavit of Mireille P. Clough ("Clough Aff.")(Doc. 26-1) at 5.) Counsel further explained to Petitioner that the Government was prepared to "proceed on a multi-count indictment" if one was filed. (See id.) After counsel reviewed with Petitioner "the government's evidence and its strength, as well as the lack of evidence Petitioner had to refute the government's claim or to present possible defenses," Petitioner "agreed she would plead guilty to her own false tax filings and waive the indictment process, as well as any statute of limitations issues." (See id. at 7-8.) Petitioner understood "that the statute of limitations

- 7 -

would provide a complete defense to Count Two of the Information." (See Plea Agreement (Doc. 3) at 4; Minute Entry 12/02/2013; Tr. of Change of Plea Hr'g (Doc. 15) at 8.) However, Petitioner waived her right to assert that defense "in exchange for the Government's agreement not to seek an indictment for additional counts related to filing false returns and assisting others in the filing of false returns." (See Plea Agreement (Doc. 3) at 4-5.) Petitioner acknowledged that provision generally, (see Tr. of Change of Plea Hr'g (Doc. 15) at 11), and specifically (id. at 12). Further, "[t]here was no issue with statute of limitations on government's evidence of tax filings allegedly prepared by Petitioner for others." (See Clough Aff. (Doc. 26-1) at 8.) Were Petitioner to assert that she lied at the Rule 11 hearing, she would "bear[] a heavy burden in seeking to nullify the process." United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003). However, Petitioner has failed to present any allegation or evidence that the advice, and Petitioner's decision, to waive the statute of limitations defense and plead guilty to avoid other counts was in any way unreasonable. Thus, this claim fails because the

- 8 -

Case 1:13-cr-00451-WO   Document 33   Filed 12/15/15   Page 8 of 12

files and record of the case conclusively show that Petitioner is not entitled to relief.

   **C.   Ground Three – Ineffective Assistance of Counsel**

Petitioner claims that counsel was ineffective for failing to challenge the "Another Person" element of 18 U.S.C. § 1028A(a)(1).  One of the essential elements of the aggravated identity theft charge to which Petitioner pled guilty is her knowledge that the identity which she possessed and used belonged to another person.  See Flores-Figueroa v. United States, 556 U.S. 646, 657 (2009).  Petitioner claims the Government did not provide a sufficient factual basis to show that she had knowledge that the identity she used was that of a real person. (See Pet'r's Mem. (Doc. 21) at 5-6.) Petitioner also adds a claim in her Reply that counsel improperly failed to challenge the conviction because the person whose identity she used consented to its use.  (See Reply (Doc. 29) at 7 (citing United States v. Spears, 729 F.3d 753 (7th Cir. 2013) (holding the term "another person," as used in the aggravated identity theft context, to mean a person who did not consent to the use of the means of identification)).)  Neither claim is accurate. Using the Presentence Report as the factual basis, this court found Petitioner's plea of guilty to be supported by an

independent basis in fact containing each of the elements of the offenses charged in the Information. (See Minute Entry 05/13/2014; Tr. of Sentencing Hr'g (Doc. 16) at 3-4.) The Presentence Report contains the name of the person whose identity Petitioner used. (See Presentence Investigation Report (PSR) ¶ 9.) He is the father of one of her children. (See id.) Further, the Fourth Circuit has held that one cannot "consent to the commission of an unlawful act. Nor does a 'means of identification' have to be illicitly procured for it to be used 'without lawful authority.'" See United States v. Otuya, 720 F.3d 183, 189 (4th Cir. 2013), cert. denied, ____ U.S. ____, 134 S. Ct. 1279 (2014). Petitioner further contends counsel failed to file any motions with respect to this claim, but does not point to any motions that would have helped. This claim fails because the files and record of the case conclusively show that Petitioner is not entitled to relief.

### D. Ground Four – Ineffective Assistance of Counsel

Petitioner argues that she did not commit identity theft because she did not pass herself off as another person or present any form of identification using another person's name or other identification. (See Pet'r's Mem. (Doc. 21) at 6.) Petitioner claims counsel was ineffective for failing to pursue

this argument.  (See Petition (Doc. 20) at 6.)  However, these are not elements of the charge.  Petitioner's use of another person's name and social security number on her tax return to obtain a fraudulent refund satisfies the statute's requirements.  See 18 U.S.C. § 1028A(a)(1).  Therefore, Petitioner's fourth claim fails.

    **E.**    **Ground Five – Unconstitutional Conviction and Sentence**

Petitioner claims that her identity theft conviction and sentence are unconstitutional because she "did not admit to falsely claiming [a] dependant [sic]" and "there is no indication that . . . , the falsely claimed dependant [sic], suffered any financial loss." (Pet'r's Mem. (Doc. 21) at 8.) First, Petitioner did agree to the elements of the charge at the time she entered her guilty plea. (See Tr. of Change of Plea Hr'g (Doc. 15) at 22.)  Petitioner also agreed to the Presentence Report, which served as the factual basis and states that she falsely claimed a dependent. (See Tr. of Sentencing Hr'g (Doc. 16) at 3-4; Minute Entry 05/13/2014.)  The second part of Petitioner's argument, financial loss, is not required by the statute.  See 18 U.S.C. § 1028A(a)(1).  This claim fails because the files and record of the case conclusively show that Petitioner is not entitled to relief.

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 20) is **DENIED** and that this case is **DISMISSED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Grant Time Served" (Doc. 31) and request for an expedited order for immediate release (Doc. 32) are **DENIED** for lack of good cause.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 15th day of December, 2015.

／s／ William L. Osteen, Jr.
United States District Judge